# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES J. HOBBS,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. CIV 14-501-RAW-SPS<br>) |
| **OKLAHOMA STATE**<br>**PENITENTIARY, et al.,** | )<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration Plaintiff's complaint (Dkt. 1), the defendants' motion (Dkt. 29), Plaintiff's response (Dkt. 31), and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 28).

Plaintiff, a pro se prisoner in the custody of the DOC who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Oklahoma State Penitentiary (OSP); Wayne Brackenseik, OSP Law Library Supervisor; Terry Crenshaw, OSP Warden's Assistant; and Ramona Allen, OSP Law Library Legal Clerk.

Plaintiff's complaint is eight pages long with 169 pages of exhibits, much of which is repetitive and submitted without explanation. While the court construes Plaintiff's pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), without specific references, the court "will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury." *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (citations omitted).

Plaintiff alleges the defendants conspired to deny his right of access to the courts,

violating the Sixth and Eighth Amendments, as well as his due process rights. He claims he was given instructions by the Tenth Circuit Court of Appeals, but Defendant Brackenseik denied him access to the courts. (Dkt. 1 at 2). Defendant Crenshaw allegedly allowed this violation to go unaddressed, and Crenshaw allegedly conspired with Brackenseik to destroy the evidence. *Id*. Defendant Allen allegedly covered up this violation by altering the legal documents used for Plaintiff's grievance appeal to the Administrative Review Authority. *Id*. at 2-3. Plaintiff further alleges "[t]he offender grievance process Request to Staff was altered and all copies of the original disappeared from 3 different departments and was altered by changing the signature, answer and did not copy complaint." *Id*. at 4.

One of Plaintiff's exhibits shows that on November 25, 2013, the Tenth Circuit Court of Appeals entered an Order in Case No. 13-6231, denying Plaintiff's six motions, including a motion for designation of records and for court records to be produced at the State's expense. (Dkt. 1-1 at 4-5). Plaintiff was advised that he should direct those requests to the district court, and he "must file his motion to unseal the records with the court that originally sealed them." *Id*. at 5. He alleges numerous constitutional violations, including his inability to access the courts, obstruction of justice, conspiracy, and sabotage to impede his litigation. (Dkt. 1-1 at 2). He specifically complains he submitted a Request for Legal Materials on December 2, 2013, but only one of the four documents he submitted for copying actually was copied. (Dkt. 1-1 at 6).

**Defendant Terry Crenshaw**

On October 8, 2015, the court directed Plaintiff to show cause why Defendant Terry Crenshaw should not be dismissed from this action for Plaintiff's failure to serve Crenshaw in accordance with Fed. R. Civ. P. 4(m). (Dkt. 32). On October 26, 2016, Plaintiff responded to the show-cause order, claiming his process form from the United States Marshals Service indicates Defendant Crenshaw was served. (Dkt. 35 at 2). Plaintiff's attached copy of the USM-285 form clearly states the Marshals Service was unable to serve Crenshaw, because he was on extended sick leave. (Dkt. 35 at 6; Dkt. 19).

2

Although Plaintiff apparently believes the Marshals Service or the court should have completed service on Defendant Crenshaw, it is Plaintiff's responsibility to provide a proper address for service of the complaint by the Marshals Service. Therefore, Defendant Crenshaw is dismissed without prejudice for Plaintiff's failure to serve him in accordance with Fed. R. Civ. P. 4(m).

**Eleventh Amendment Immunity**

Plaintiff is suing Wayne Brakenseik and Ramona Allen, two Department of Corrections employees. The third remaining defendant is the Oklahoma State Penitentiary, a prison facility of the Oklahoma Department of Corrections, which is an agency of the State of Oklahoma. The official capacity claims against the defendants are actually claims against the State of Oklahoma. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court, therefore, grants the defendants' motion to dismiss all claims against the Department of Corrections and all official-capacity claims against the individual defendants. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Exhaustion of Administrative Remedies**

The defendants also allege, among other things, that Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

3

as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124 (Dkt. 28-2), an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. *Id*. at 6. If that is unsuccessful, he may submit a written Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. *Id*. at 6-7. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority, asserting only the issue of the lack of response to the RTS. *Id*. at 7. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance with the facility's Review Authority within 15 calendar days of the incident, or the date of the RTS response, whichever is later. *Id*. at 7-8. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. *Id*. at 11-12. The administrative process is exhausted only after all of these steps have been taken.

The defendants have set forth Plaintiff's grievance history as follows:

**Grievance #14-006**

On January 21, 2014, the OSP Warden's Office received a grievance from Plaintiff, dated January 7, 2014. The grievance complained that Plaintiff had not received a response from Defendant Brackenseik on his December 19, 2013, RTS. Plaintiff requested that

4

disciplinary action be taken against Brackenseik, specifically termination, for violations alleged to have occurred almost two years earlier and for Plaintiff's not receiving a response to the December 19, 2013 RTS. (Dkt. 1-1 at 20-22).

On the day the grievance was received, Defendant Terry Crenshaw returned it unanswered, because a "request for disciplinary action against staff will not be addressed in the grievance process, pursuant to Policy OP-090124. The returned grievance also stated that non-complying grievances will be returned unanswered, and Plaintiff had ten calendar days from the date of receipt to properly submit the grievance. (Dkt. 28-8 at 4; Dkt. 1-1 at 18). There is no evidence that Plaintiff appealed this grievance or refiled it to cure the deficiencies. Furthermore, Plaintiff's demand that Brakenseik respond to the RTS became moot, because Plaintiff admits he received Brackenseik's response on January 13, 2014.

Plaintiff attached to his complaint a grievance dated January 22, 2014, but the Special Report states there is no record of its receipt. The grievance is substantially similar to the January 21, 2014, grievance, except it does not allege that Brakenseik failed to respond to his RTS. Plaintiff admits in this grievance that he received a response to the RTS from Brakenseik, and Plaintiff asserted he was attaching the RTS response to the grievance. Again, the relief requested was disciplinary action against Brakenseik. (Dkt. 1-1 at 15-16).

**February 13, 2014, RTS to Law Library Log-In Clerk**

On February 13, 2014, the law library received an RTS from Plaintiff dated February 12, 2014, and addressed to "Mary/Law Library Log In Clerk." The RTS complained that Plaintiff never received a response from Brakenseik to Plaintiff's December 19, 2013, RTS addressed to Brakenseik. Plaintiff was not requesting a response to the RTS, but he instead asked to be sent a "Stamped Filed Log In Copy." Ms. Allen responded to the RTS on February 13, 2014, stating, "Copy of disposition of RTS attached." The Request to Staff Log provided to Plaintiff listed a print-out date of February 13, 2014. (Dkt. 1-1 at 33, 35).

**ARA Appeal #14-64**

On February 18, 2014, the ARA received an appeal from Plaintiff dated February 12,

5

2014. The issue for appeal was that Plaintiff had not received a response on a grievance dated January 22, 2014, that he sent to Warden Trammell. The ARA returned the appeal unanswered on the same day it was received, because it was premature pursuant to OP0090124. Specifically, a grievance may be sent to the ARA for a non-response of a grievance after thirty calendar days from the date of submitted the grievance. (Dkt. 28-10 at 2-5).

**ARA Appeal #14-70**

On February 24, 2014, the ARA received an appeal from Plaintiff, dated February 20, 2014, again complaining he had not received a response from Warden Trammell to the grievance submitted on January 22, 2014. Again, he did not attach evidence of this grievance. (Dkt. 28-11 at 2-4).

Plaintiff's appeal to the ARA was returned unanswered on February 26, 2014, based on the same deficiency as in ARA Appeal #14-64. Plaintiff again had submitted the appeal prematurely, because 30 days from the date the grievance was submitted had not expired. The envelope indicated the Appeal was mailed on February 20, 2014, based on the post office date stamp. There is no evidence Plaintiff ever timely resubmitted a grievance or appeal regarding this issue after 30 days from submission of the grievance had expired. *Id*. Therefore, Plaintiff has failed to exhaust his administrative remedies for the January 22, 2014, grievance and the claim made in that grievance.

**Plaintiff's Attached March 7, 2014, Grievance and April 7, 2014, Appeal**

Plaintiff attached to his complaint a grievance dated March 7, 2014, which the Special Report shows no record of receipt. (Dkt. 1-1 at 24-25). The grievance complains about violations alleged to have committed by the OSP Law Library, but it does not state the dates of those incidents. (Dkt. 1-1 at 24-25). The grievance requests to have his copies made by Unit Staff, not the Law Library. *Id*. The basis for this grievance is unclear, as it does not appear that Plaintiff is appealing an RTS response.

Plaintiff also attaches an Appeal Form to the ARA dated April 7, 2014, of which the Special Report has no record of receipt. (Dkt. 1-1 at 41). Plaintiff apparently was grieving

6

a non-response to a grievance filed on March 7, 2014, and not getting "a second chance to file correctly." *Id*.

To the extent the March 7 and April 7 grievances were filed, Plaintiff does not allege he filed any subsequent, related grievance to the ARA to raise non-response for either grievance. Plaintiff, therefore, did not exhaust his administrative remedies for these attached documents or the claims alleged in them.

**Plaintiff's April 2014 RTSs to the Law Library**

On April 11, 2014, the law library received an RTS from Plaintiff concerning a RFLM dated March 11, 2014. (Dkt. 1-1 at 14). On the day of receipt, Defendant Allen responded to the RTS. *Id*. There is no evidence Plaintiff ever filed a grievance appealing this RTS response. Therefore, he did not exhaust his administrative remedies regarding the RTS or the claims made in it.

On April 21, 2014, the law library received an RTS from Plaintiff dated April 14, 2014. (Dkt. 1-1 at 37). Plaintiff complains in the RTS that he submitted a RFLM on April 10, 2014, requesting a copy of the answered RTS dated December 19, 2013, but Allen only sent a copy of the front side of the document. *Id*. In the section of the RTS to write the requested action, Plaintiff asked, "Why did you Fail To Copy The back where the Sixth Amendment Violation was addressed?" *Id.*

On April 21, 2014, the date of receipt, Allen responded that "[w]hen Law Library received the RTS, there was NOTHING on the back--only received a COPY, therefore, I could NOT answer due to there being NOTHING on back." *Id*. (emphasis in original). In addition, this issue was addressed in Allen's response of January 14, 2014. *Id.*

**Plaintiff's Attached April 30, 2014, Grievance**

Plaintiff also attached to his complaint a grievance dated April 30, 2014. (Dkt. 1-1 at 26-27). The grievance stated that on January 22, 2014, he submitted a grievance to the Reviewing Authority with an answered RTS attached. *Id*. Plaintiff explains that "[t]his Grievance was appealed to The Administrative Reviewing Authority," but was returned twice for the same deficiency. *Id*. Under the second section of the grievance, Plaintiff states that in response to his RTS dated April 14, 2014, Allen informed him that the law library received

7

a copy of the December 19, 2013, RTS with nothing on the back side of the RTS. *Id*. Allen responded to this RTS on January 14, 2014. *Id*. For the relief requested, Plaintiff states, "I want to know where the Original Log No. 2013-2679 is And was this Altered Document Log No. 2013-2679 used in Offender's Appeal to Administrative Reviewing Authority in O.K.C.?" *Id*. He did not appeal Allen's RTS response, so he failed to exhaust his administrative remedies for this claim.

**Plaintiff's Attached June 2014 Appeal to the ARA**

Also attached to Plaintiff's complaint is an appeal to the ARA dated June 12, 2014. (Dkt. 1-1 at 38-39). According to the Special Report, the DOC has no record of receipt of this appeal, and the appeal does not list a grievance being appealed. The appeal, however, indicates Plaintiff is appealing the Reviewing Authority's response on the grounds of newly discovered or available evidence that was not considered by the Reviewing Authority. *Id*. Plaintiff explains that the December 19, 2013, RTS that was answered by Defendant Brakenseik was attached to the grievance he submitted to the Reviewing Authority. *Id*. Plaintiff further asserts that after he received the April 21, 2014, RTS response from Defendant Allen, he submitted a grievance to the Reviewing Authority dated April 30, 2014. *Id*. Warden Trammell received the grievance on May 9, 2014, but Plaintiff has not received a response to this grievance. *Id*.

According to the defendants, to the extent this appeal was filed, there is no evidence Plaintiff filed a grievance to the ARA regarding non-response, or that he exhausted his administrative remedies regarding the claims in this appeal or in the May 9, 2014, grievance.

After careful review, the court finds that Plaintiff has failed to exhaust the administrative remedies for his claims against the defendants. Therefore, this action must be dismissed.

**ACCORDINGLY,** Defendant Terry Crenshaw is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to serve Crenshaw pursuant to Fed. R. Civ. P. 4(m). The Department of Corrections and the official-capacity claims against Defendants Wayne Brakenseik and Ramona Allen are DISMISSED WITHOUT PREJUDICE because of Eleventh Amendment immunity, and the remaining claims against Defendants Wayne

Brakenseik and Ramona Allen are DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

    **IT IS SO ORDERED** this 29th day of March 2016.

**Dated this 29th day of March, 2016.**

                                                    Ronald A. White
                                                  United States District Judge
                                                  Eastern District of Oklahoma